THE BIRMINGHAM IRON FOUNDRY, Respondent, *v.* JOHN W HATFIELD and others, Appellants.

The place of trial of actions brought in the Supreme Court may be changed only in those cases mentioned in section 126 of the Code; and the convenience of the justice trying the cause is not one of those cases.

When the place of trial is changed, and an objection is duly taken thereto, at the time the fact that the party so objecting afterward appears on the trial is not a waiver of the objection.

The power of a judge to adjourn a Special Term to another county does not authorize him thus to change the place of trial of a local action.

(Cause argued December 9th, 1870; decided December 20th, 1870.)

APPEAL from the judgment of the General Term of the Supreme Court in the second judicial district, affirming the judgment of the Special Term.

This is an action brought for the foreclosure of a mortgage made and delivered to the plaintiff by the defendants, John W. Hatfield and wife.

The venue was laid in Queens county, and the case was on the calendar in that county in October, 1867. The court, for its own convenience, adjourned the cause to a Special Term of the Supreme Court, to be held at Brooklyn, in the county of Kings. The defendants objected to the adjournment to the county of Kings, but their objection was overruled. The cause was tried at the Kings county Special Term, and an order for final judgment was made in said county of Kings, though the judgment was entered and the costs adjusted in Queens county.

From the judgment so entered, an appeal was taken to the General Term, where the judgment was affirmed, and from such judgment of affirmance an appeal was taken to this court.

ANDREWS, J.   The legislature, having in view some general policy for the distribution of the judicial business of the State, as well as the convenience of parties, has prescribed the place where the trial and other proceedings in actions in the Supreme Court shall be had.

The place of trial of actions is provided for in title four of part second of the Code, and it is declared in section 123 that actions for certain specified causes must be tried in the county where the cause of action, or some part thereof, arose, subject to the power of the court to change the place of trial in cases where (1) the county designated for that purpose in the complaint is not the proper county, or (2) when there is reason to believe that an impartial trial cannot be had therein, or (3) when the convenience of witnesses, and the ends of justice would be promoted by the change.

The action for the foreclosure of a mortgage upon real property is among the causes specified in this section.

Sections 124 and 125 provide for the place of trial of actions not embraced in section 123.   By section 401, motions made out of court without notice may be made before a judge of the court in any part of the State, and motions on notice must be made in the district in which the action is triable, or in a county adjoining that in which it is triable, except that where the action is triable in the first district, the motion must be made therein, and that no motion on notice can be made in that district in an action triable elsewhere.

By section 346, appeals to the general term are to be heard in the district embracing the county where the judgment or order appealed from is entered, or in a county adjoining that county, except that where the judgment or order was entered in the city and county of New York, the appeal shall be heard in the first district.   It will be seen from these references that the Code regulates by precise affirmative provisions, the place of the trial and proceedings in courts in civil actions.

This action was triable in the county of Queens.

The mortgaged premises, which were the subject of the action, are situate in that county.    That was the place named in the complaint as the place of trial.    The cause was at issue and noticed for trial at a Special Term in that county, and the court had not changed the place of trial under the 126th section of the Code.

The justice who held the Special Term, when the cause was reached, on his own motion, and, as stated in the case, for his own convenience, against the objection of the defendants, adjourned the hearing to a Special Term thereafter to be held in the county of Kings, and the cause was tried in that county under this order of the court.

The ground upon which the court proceeded in changing the place of trial is not one of those mentioned in the section we have cited, and unless the authority is found elsewhere, the action of the court was irregular and unauthorized.

The twenty-fourth section of the Code as amended in 1862, provides that Special Terms may be adjourned, to be held at a future day at the chambers of any justice of the court residing within the district, by an entry in the minutes, and from time to time, as the justice holding the same shall direct; and it is claimed that where such adjournment is made, it operates to transfer for hearing and trial, at the adjourned term, all issues pending before the court, although the adjourned term is appointed to be held in a county other than that in which the venue is laid.

Without considering whether there was in this case any adjournment of the Special Term, or anything beyond the adjournment of the trial of the particular action, we do not think the construction claimed can be sustained.    This section does not purport to make any change in the general rule as to the place of trial of actions.    In enables the court for convenience to continue a term held by original appointment by adjournment to another county in the district.

The section has a consistent and sufficient operation without giving it such a construction, and it is not to be supposed that the legislature intended by the amendment of 1862, to change

the general policy of the law in respect to the place of the trial of actions.

Statutes are not held to be repealed by implication, unless the later statute is inconsistent with and repugnant to the former one.

The defendants by appearing upon the trial of the action did not waive their objection to the adjournment of the trial to Kings county.

The court could not, without the consent of the parties, try the action in that county.  If no objection had been made by the defendants, their presence at the trial might have been evidence of such consent; but, having made the objection, they were not obliged to renew it.  Nor were they compelled to abandon their defense on the trial in order to preserve the rights secured to them by statute.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All the judges concurring, judgment reversed and new trial ordered.